UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| NOY HADAR, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BROWARD COUNTY, FLORIDA,<br><br>　　　　　　　　　　Defendant. | **COMPLAINT – CLASS ACTION**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Noy Hadar ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Broward County, Florida ("Defendant"), and states:

## INTRODUCTION

1. This is a case about extreme noise pollution harming Plaintiff and other residents living beneath the south runway flightpath for the Ft. Lauderdale-Hollywood International Airport. Defendant, which is the owner and operator of the airport, approved of the airport's south runway expansion. As a result, new flightpaths have been created going over the residences of Plaintiff and the Class. The resulting noise pollution is unbearable, and amounts to an unconstitutional taking.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that the acts giving rise to this action occurred in this District and because Defendant:

   (a) is authorized to conduct business in this District and has intentionally availed itself of the laws within this District;

   (b) does substantial business in this District; and

   (c) is subject to personal jurisdiction in this District.

## PARTIES

3. At all times relevant to this matter, Plaintiff resided and continues to reside in this District.

4. Defendant is the owner and operator of the airport, approved of the airport's south runway expansion

## THE CLEARLY ESTABLISHED LAW AT ISSUE IN THIS CASE

5. It is clearly-established law that "frequent low-level flights over private land may result in a taking within the meaning of the fifth amendment." *Fields v. Sarasota-Manatee Airport Authority*, 512 So. 2d 961, 964 (Fla. 2d DCA 1987). Plaintiff sues Defendant because it violated the clearly-established law set forth above.

## FACTUAL ALLEGATIONS

6. Plaintiff and other residents live beneath the south runway flightpath for the Ft. Lauderdale-Hollywood International Airport. In approximately 2004, the new flight runway became operational.

7. Defendant, which is the owner and operator of the airport, approved of the airport's south runway expansion.

8. As a result, new flightpaths have been created going over the residences of Plaintiff and the Class.

9. At the time Plaintiff and the other residents acquired their home located on their property, they possessed and used the following rights: a. To be free from trespass. b. To quiet enjoyment. c. To liveability, in that their home would function for its purpose, being a residence. d. To be free from undue noises, fumes, residues, pollutants, glare, vibrations and other nuisances. e. To have and enjoy the normal amenities of a home, including telephones and television including an adequate antenna or cable TV service. f. To continued financing options, including qualification for mortgage loans. g. To be free of fear. h. To provide a safe, secure home atmosphere for children.

- 3 -

i. To zoning and land use controls which did not interfere with use or saleability. j. To be free from regulations and laws which would cause third persons (aircraft operators) to trespass on their home and inflict nuisances and distress on plaintiffs.

10. As a result of the new runway, the location of arrivals and departures, overflights above the residence of Plaintiff and other residents have become frequent, severely disruptive, and dangerous, and are frequently directly overhead at low altitudes.

11. It is substantially interfering with the rights of Plaintiff and other residents to use and enjoy their properties. The resulting noise pollution is unbearable, and amounts to an unconstitutional taking

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

> All other residents living beneath the south runway flightpath for the Ft. Lauderdale-Hollywood International Airport.

13. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable.

14. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether the noise pollution caused by the south runway flightpath for the Ft. Lauderdale-Hollywood International Airport amounts to an unconstitutional taking.

15. **_Typicality_**. Plaintiff's claims are typical of the claims of the members of the Class and Plaintiff has the same claims as those of the other Class members.

16. **_Adequacy of Representation_**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

18. Defendant acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

**COUNT I**

**Violation of the Fifth and Fourteenth Amendments to the U.S. Constitution**
**On Behalf of Plaintiff and the Class**

19. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

20. Defendant is the owner and operator of the airport. Defendant approved of the airport's south runway expansion.

21. New flightpaths have been created going over the residences of Plaintiff and the Class.

22. The resulting noise pollution is unbearable, and amounts to an unconstitutional taking under the Fifth Amendment of the U.S. Constitution and a violation of Plaintiff's rights and the

Class' rights to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged Plaintiff and the Class as herein alleged, entitling Plaintiff and the Class to recover damages for said constitutional violation pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certification of this action as a class action, designation of Plaintiff as class representative and undersigned counsel as class counsel;

B. For compensatory, general, and special damages for Plaintiff against Defendant;

C. Attorneys' fees and costs under 42 U.S.C. § 1988; and

D. The cost of this suit and such other relief as the court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: SEPTEMBER 1, 2015

CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Telephone:   561.676.6370
Facsimile:   561.320.0285
E-Mail: cullin@cullinobrienlaw.com

　　　/s/*Cullin O'Brien*
By:_____
　　　Cullin O'Brien
　　　Florida Bar No. 597341


BOZANIC LAW, P.A.
800 Brickell Avenue
Penthouse Two
Miami, FL 33131

        Telephone:    305.643.1040
        Facsimile:    305.356.7154
        E-Mail: Zeljka@bozaniclaw.com

            /s/*Zeljka Bozanic*
By:_____
        Zeljka Bozanic
        Florida Bar No.  23707


ROBINSON CADDY LAW GROUP, P.A.
633 S. Andrews Avenue
Suite 101
Ft. Lauderdale, FL 33301
Telephone:    954.399.2746
Facsimile:    954.527.4228
E-Mail: sueann@robinsoncaddylaw.com

            /s/*Sue-Ann Robinson Caddy*
By:_____
        Sue-Ann Robinson Caddy
        Florida Bar No.  29463

Attorneys for Plaintiff and the Class